IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
06/13/2013

|  |  |
|---|---|
| IN RE | ) |
| 1002 GEMINI INTERESTS, LLC, | ) CASE NO. 11-38815-H3-11 |
| Debtor, | ) |

### MEMORANDUM OPINION

The court has held an evidentiary hearing on the "First Interim Application of Adams and Reese, LLP for Compensation and Reimbursement of Expenses Incurred as Counsel for the Examiner" (Docket No. 138). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the instant application in part. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

On October 17, 2011, 1002 Gemini Interests, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

On November 17, 2011, Unlimited Restoration Specialist, Inc. ("URI") filed a motion to appoint a trustee in the instant case, asserting that Debtor had transferred funds to accounts in

Nigeria, and to Debtor's principal, Edward I. Nwokedi.  (Docket No. 32).

On February 2, 2012, with the agreement of the parties, the court directed the appointment of an examiner.  The order directing appointment of an examiner defined the examiner's duties:

> 1.  Collection of rents from 1002 Gemini;
>
> 2.  Controlling all debtor in possession bank accounts by becoming the sole signatory on those accounts and assuring that all funds of 1002 Gemini are deposited in one of the debtor in possession bank accounts;
>
> 3.  Paying all bills and expenses of 1002 Gemini in accordance with the present cash collateral order [Docket No. 33]; and [sic]
>
> 4.  Performing all accounting functions for 1002 Gemini, including, but not limited to, the preparation and filing of all Monthly Operating Reports and Tax Returns when due;
>
> 5.  Perform those duties as set forth in 11 U.S.C. § 1106(b), including, but not limited to filing a report or reports with this Court.

(Docket No. 58).

On April 2, 2012, on motion of the examiner, the court entered an amended agreed order.  The amended order did not change the scope of the examiner's duties, but authorized the examiner to employ professionals.  (Docket No. 72).

On April 11, 2012, Edward I. Nwokedi filed a voluntary petition under Chapter 11 of the Bankruptcy Code, in Case No. 12-32759-H1-11.

In the instant application, Adams and Reese, LLP, ("Applicant") seeks allowance of $74,524.00 in fees, and $569.53 in expenses, for representation of the examiner during the period from May 9, 2012 through November 30, 2012.

The examiner sought and obtained authority to employ Applicant. Susan Mathews was the lead attorney, until March 22, 2013, when she joined another firm.

Applicant groups its services into seven categories. The first category, "Business Operations," consists of services in assisting the examiner with preparation of monthly operating reports, interim status reports, and reviewing Debtor's operations with Debtor's counsel and Nwokedi. These services were reasonable, necessary to the administration of the case, and within the scope of the examiner's duties.

The second category, "Employment Applications," consists of services in preparing the firm's application to be employed, filing an amended affidavit, and preparing for and attending hearings relative to the firm's application. The time records in this category reflect that Applicant expended 16.9 hours on this task, for which it seeks allowance of $5,861.50 in fees. The court has reviewed the application to be employed, as well as the affidavit. The time spent was not reasonable. The court finds that a reasonable time in this category is 10 hours at Ms. Mathews' rate of $385, for a total of $3,850.

The third category, "Fee Applications," consists of services in reviewing and filing fee applications for the examiner and the examiner's accountant. These services were reasonable, necessary to the administration of the case, and within the scope of the examiner's duties.

The fourth category, "Case Background/Monitoring Status," consists of services in reviewing and analyzing the Debtor's schedules, statement of financial affairs, and claims, as well as Debtor's motion to convert.

Susan Mathews testified that the time was necessary to become familiar with the facts of the case. The court finds that the services in this category were reasonable, necessary to the administration of the case, and within the scope of the examiner's duties.

The fifth category, "Investigation, etc.," includes services to review documents produced by Debtor, Nwokedi, and URI, meet with Nwokedi, the Trustee in Nwokedi's Chapter 11 case, and creditors, and prepare status reports. The services in this category were reasonable, necessary to the administration of the case, and within the scope of the examiner's duties.

The sixth category, "Discovery," includes services rendered in obtaining discovery from Nwokedi. Mathews testified that the examiner had difficulty in obtaining Debtor's records from Nwokedi and from Debtor's counsel. The court finds that the

services in this category were reasonable, necessary to the administration of the case, and within the scope of the examiner's duties.

The seventh category, "Nwokedi Bankruptcy," consists of services reviewing the schedules and statement of financial affairs filed in Nwokedi's Chapter 11 case, attending the meeting of creditors in Nwokedi's Chapter 11 case, filing a proof of claim in Nwokedi's case, and correspondence relating to the case with Nwokedi's counsel and the trustee in Nwokedi's case, for which it seeks allowance of $8,254.00 in fees.

Mathews' testimony supporting this category of services is that the two cases were intertwined. No other evidence supports the necessity for these services. The court finds that the only service in this category which were necessary to the administration of this case, beneficial to the bankruptcy estate in this case, and within the scope of the examiner's duties, was the preparation of a proof of claim. The court finds that a reasonable fee for this service is $3,234.[1]

Conclusions of Law

Section 330 of the Bankruptcy Code governs the compensation of professionals, That section provides in pertinent part:

---

[1] The court notes that the time records reflect a significant duplication of effort between Susan Mathews and Sherry Goodell. The time has been allowed at Mathews' higher rate.

>    (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
>>        (A) the time spent on such services;
>>        (B) the rates charged for such services;
>>        (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>>        (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>>        (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>>        (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
>
>    (4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for -
>
>>        (i) unnecessary duplication of services; or
>>
>>        (ii) services that were not -
>>
>>>            (I) reasonably likely to benefit the debtor's estate; or
>>>
>>>            (II) necessary to the administration of the case.

11 U.S.C. § 330.

    In the instant case, Applicant has not shown that the services provided in monitoring Nwokedi's Chapter 11 case were of any benefit to this estate or the administration of this case. The amount sought for services in seeking employment of the firm

is unreasonable.  The remainder of the services are compensable under Section 330 of the Bankruptcy Code, on an interim basis pursuant to Section 331 of the Bankruptcy Code.  The court concludes that the application should be granted in part, with allowed interim fees of $67,492.50, and expenses of $569.53.

Based on the foregoing, a separate Judgment will be entered allowing interim fees of $67,492.50, and expenses of $569.53.

Signed at Houston, Texas on June 13, 2013.


_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE